# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2023

Lyle W. Cayce
Clerk

No. 23-20147
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Kyrie Castillo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-86-1

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Kyrie Castillo appeals the sentence imposed following his guilty plea conviction for aiding and abetting the damage or destruction, by means of fire, any building receiving federal financial assistance. On appeal, he makes two procedural challenges to his sentence. First, he argues that the district court procedurally erred by applying an incorrect guidelines range. In the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20147

alternative, Castillo argues that the district court failed to adequately explain its reason for an upward variance as required under 18 U.S.C. § 3553(c). Although he characterizes the latter claim as a challenge to the substantive reasonableness of his sentence, his argument constitutes a procedural objection. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Because Castillo failed to object about the guidelines range at sentencing, review is for plain error. *See United States v. Peterson*, 977 F.3d 381, 392 (5th Cir. 2020). To establish plain error, the defendant must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, alterations, and citation omitted).

Here, Castillo fails to show that the district court actually applied an incorrect guidelines range. Although he highlights ambiguity in the sentencing transcript, in light of the record as a whole, he fails to demonstrate any error, much less clear or obvious error.[1] *See Puckett*, 556 U.S. at 135.

AFFIRMED.

---

[1] Castillo's alternative argument—that the district court failed to adequately explain its reason for an upward variance—is also rejected. The record plainly demonstrates that the district court judge provided a full explanation of the sentence and the reasons for it.